ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| WENCESLAO CORTÉS SOTO CARLOS A. CORTÉS GONZÁLEZ<br><br>Recurridos<br><br>v.<br><br>OWEN BATISTA SCHMIDT Y OTROS<br><br>Peticionarios | KLCE202500435 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Número: SS2023CV00856<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm

*Prats Palerm, Jueza Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 16 de junio de 2025.

Comparece Universal Insurance Company ("Universal Insurance" o "Peticionaria") mediante un recurso de *Certiorari* y nos solicita que revoquemos la *Resolución* dictada el 25 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("TPI"). En virtud del referido dictamen, el TPI declaró *No Ha Lugar* la solicitud de sentencia sumaria presentada por la Peticionaria por existir hechos esenciales en controversia.

Por los fundamentos que expondremos a continuación, se *expide* el auto de *certiorari* y *revocamos* el dictamen recurrido a los fines de desestimar parcialmente la acción legal instada contra Universal Insurance.

## I.

El 3 de noviembre de 2023, el señor Wenceslao Cortés Soto y el señor Carlos Cortés González (en conjunto, "Recurridos"), padre e hijo, instaron una *Demanda* en daños y perjuicios contra el señor Owen Batista Schmidt, su esposa, la Sociedad de Bienes Gananciales constituida por ambos,

Aceite Xpress, Universal Insurance, entre otros.[1] En síntesis, los Recurridos alegaron que el 28 de agosto de 2023, Aceite Xpress actuó negligentemente al brindar el servicio de cambio de aceite y filtro de su vehículo de motor. Indicaron que en el establecimiento no se efectuaron las precauciones necesarias durante dicho servicio, lo que ocasionó una rotura en el área de drenaje del automóvil. Precisaron que Universal Insurance expidió una póliza a favor del señor Batista Schmidt, quien opera el negocio de Aceite Express.

En respuesta, el 27 de diciembre de 2023, Universal Insurance presentó una *Solicitud de Sentencia Sumaria Parcial* acompañada de una declaración jurada y sustentando sus alegaciones en material probatorio.[2] Adujo que emitió a favor del señor Batista Schmidt la póliza 515-0690863 CG-00-01-04-13 *Commercial General Liability Coverage Form.* Sin embargo, explicó que esta cobertura excluye el incidente alegado en la reclamación. Por tanto, solicitó la desestimación sumaria del pleito por no existir hechos esenciales en controversia.

Al día siguiente, entiéndase, el 28 de diciembre de 2023, el foro primario dictó una *Orden,* notificada el 9 de enero de 2024, en la que concedió a la parte recurrida el término de treinta (30) días para presentar su posición respecto a la sentencia sumaria solicitada.[3]

En vista de ello, el 8 de febrero de 2024, los Recurridos sometieron su *Moción en Oposición a Solicitud de Sentencia Sumaria Parcial,* a la cual adjuntaron el *Informe de Accidente del Reclamante.*[4] Brevemente especificaron que, a diferencia de lo alegado por Universal Insurance, la parte demandada tiene la póliza 518-0691417. De hecho, adujeron que en el *Informe de Accidente* rendido por la ajustadora se indicó que el aludido número de póliza cubría el incidente que motivó la presentación del caso. Por tanto, argumentaron que no procedía dictar sentencia sumaria, por

---

[1] Apéndice de la parte peticionaria, págs.1-3.
[2] Apéndice de la parte peticionaria, págs. 4-70.
[3] Entrada dieciséis (16) del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] Apéndice de la parte peticionaria, págs. 71-73.

existir hechos esenciales en controversia respecto a la póliza. Especificaron, además, que el caso se encontraba en etapas iniciales del descubrimiento de prueba.

En igual fecha, el foro *a quo* emitió una *Orden,* notificada el 13 de febrero de 2024, en la que dispuso el siguiente pronunciamiento judicial:

> Un examen inicial de la oposición refleja que la misma no cumple con las exigencias de las Reglas de Procedimiento Civil.
>
> Sin embargo, <u>antes de disponer sobre lo anterior</u>, en economía procesal, se ordena a la codemandada Universal Insurance Company a exponer su posición, en 10 días, en cuanto a lo alegado por la parte demandante sobre la póliza con número 518-0691417.[5]

Consecuentemente, el 13 de febrero de 2024, Universal Insurance radicó *una Moción en Cumplimiento de Orden y Réplica a Oposición de Solicitud de Sentencia Sumaria Parcial,* presentada con una declaración jurada y amplio material probatorio.[6] En esta, reiteró que la parte recurrida no presentó su oposición conforme con la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36. En cuanto a la póliza 518-0691417, argumentó que cubría solamente a aquellos vehículos de los clientes bajo posesión del codemandado asegurado, a los fines de reparar, almacenar o guardar con o sin la autorización del cliente. Por consiguiente, razonó que la reclamación estaba excluida de la cubierta de la póliza. En vista de ello, solicitó nuevamente la concesión de la sentencia sumaria parcial.

El 14 de febrero de 2024, el foro *a quo* dictó una *Orden,* notificada el 16 de febrero de 2024, en la cual concedió a la parte recurrida el término de quince (15) días para someter su oposición a la sentencia sumaria, de conformidad con la Regla 36 de Procedimiento Civil, *supra.*[7]

No obstante, el 1 de marzo de 2024, los Recurridos solicitaron una prórroga para contestar la réplica presentada por Universal Insurance.[8]

---

[5] Apéndice de la parte recurrida, pág. 74.
[6] Apéndice de la parte recurrida, págs. 75-122.
[7] Apéndice de la parte recurrida, pág. 123.
[8] Apéndice de la parte recurrida, pág. 124.

**Pese a esta solicitud, no surge del expediente judicial escrito alguno sobre este asunto.** (Énfasis nuestro).

Pendiente de resolver la moción de sentencia sumaria, el 5 de marzo de 2024, se decretó el traslado del caso, ventilado originalmente en la Sala Superior de San Germán, a la Sala Superior de Aguadilla.[9]

Luego de numerosas incidencias procesales, cuyo tracto no es necesario pormenorizar, el foro primario celebró una vista para atender el estado de los procedimientos, según consta en la *Minuta* emitida el 14 de febrero de 2025. Ese día, la representación legal de Universal indicó que la petición de sentencia sumaria aún no había sido adjudicada:

> La licenciada González Negrón indicó que cuando se le curso a Universal el diligenciamiento, el 27 de diciembre de 2023, solicitó una sentencia sumaria parcial a comienzos del caso.
>
> El Tribunal aclaró que el caso vino en traslado. El juez Avilés Feliú debió atender la solicitud.[10]

A los fines de considerar dicha moción, el 25 febrero de 2025, el foro primario dictó y notificó una *Resolución* en la cual declaró *No Ha Lugar* el remedio sumario solicitado.[11] Al respecto, emitió el siguiente pronunciamiento judicial:

> Examinado el derecho aplicable y los documentos que obran en autos, determinamos que no procede la resolución sumaria del pleito. Como es sabido, nuestro Máximo Foro ha resuelto que no es aconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa. *Ramos Pérez v. Univisión*, supra. Tampoco es aconsejable resolver sumariamente casos complejos o que envuelvan cuestiones de interés público ni procede dictarse sentencia sumaria cuando existan hechos en controversia pues la mera existencia de una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria cuando causa en el Tribunal una duda real y sustancial sobre algún hecho relevante y pertinente. *Pepsi-Cola v. Mun. Cidra et al.*, 186 DPR 713, 756 (2012); *Vera v. Dr. Bravo*, supra.
>
> En atención a los fundamentos antes consignados, se declara NO HA LUGAR la Moción de Sentencia Sumaria presentada por la codemandada Universal Insurance Company, presentada el 27 de diciembre de 2023. En consecuencia, se ordena la continuación de los procedimientos.[12]

---

[9] Entrada veinte y nueve (29) del SUMAC.

[10] Entrada cincuenta y cuatro (54) del SUMAC.

[11] Apéndice de la parte peticionaria, págs. 138-144.

[12] Apéndice de la parte peticionaria, págs. 141-142.

Oportunamente, el 12 de marzo de 2025, Universal Insurance presentó una *Solicitud de Reconsideración de Resolución de 25 de febrero de 2025, Notificada en la Misma Fecha.*[13] En este escrito reiteró que procede la desestimación del pleito, pues la póliza solo cubre aquellas reclamaciones que terceros presentaran contra los codemandados asegurados. Argumentó, también, que el TPI erró al omitir formular determinaciones de hechos controvertidos e incontrovertidos de conformidad con la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4. A su vez, indicó que la parte recurrida no presentó la oposición dentro del término requerido y de acuerdo con las exigencias procesales.

Evaluados sus argumentos, el 21 de marzo de 2025, el foro primario emitió una *Resolución Interlocutoria*, notificada el 24 de marzo de 2025, en la cual declaró *No Ha Lugar* la reconsideración solicitada.[14] Dictaminó que, "los planteamientos esbozados no persuaden al Tribunal para Reconsiderar la Resolución aludida, más podría Reconsiderar la Resolución una vez terminado el Descubrimiento de Prueba y proceda el presentar medidas dispositivas".

Inconforme, el 23 de abril de 2025, Universal Insurance recurrió ante este Tribunal de Apelaciones mediante el recurso de *certiorari* en el cual presentó el siguiente señalamiento de error:

> **ERRÓ EL TRIBUNAL DE INSTANCIA AL DEJAR DE RESOLVER LA SOLICITUD DE SENTENCIA SUMARIA CONFORME A DERECHO, A PESAR DE QUE NO EXISTE UNA CONTROVERSIA DE HECHOS MATERIALES QUE LO IMPIDA.**

El 30 de abril de 2025, concedimos a los Recurridos un término de diez (10) días para presentar su alegato en oposición. En exceso del término establecido, el 20 de mayo de 2025, estos sometieron su *Oposición a la Expedición del Auto de Certiorari.*

---

[13] Apéndice de la parte peticionaria, págs. 145-175.
[14] Apéndice de la parte peticionaria, págs. 176-177.

Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

## II.

### A. *Recurso de certiorari*

En nuestro ordenamiento apelativo, el auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021). *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933 de la Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012).

En armonía con estos principios, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias que activan nuestras facultades revisoras ante las resoluciones y las órdenes interlocutorias:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de **la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro).

Pese a que la Regla 52.1 de Procedimiento Civil, *supra,* admite revisar las determinaciones interlocutorias recurridas, la expedición del

auto y la adjudicación en sus méritos es discrecional. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). No obstante, la discreción no opera en el vacío ni en ausencia de parámetros, al contrario, cuenta con los criterios del cuerpo reglamentario apelativo para determinar si en un caso en particular procede que se expida el auto discrecional de *certiorari*. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

Así pues, nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 849 (2023). A esos fines, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, preceptúa los criterios para la expedición de un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente nuestra facultad discrecional. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209. A su vez, la precitada disposición reglamentaria permite que el análisis revisorio no se efectúe en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. En atención a estos criterios, los tribunales revisores no debemos sustituir el criterio producto de la discreción judicial, salvo que se pruebe:

(1) una actuación con prejuicio o parcialidad; (2) craso abuso de discreción, o **(3) una equivocación en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo**. *Rivera et al. v. Arcos Dorados et al.*, *supra*, pág. 210. Véanse, también, *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). (Énfasis nuestro).

### B. Moción de sentencia sumaria

Nuestro esquema procesal contempla el mecanismo de sentencia sumaria que permite la ágil disposición de casos sin la celebración de un juicio sujeto a la inexistencia de controversias genuinas de hechos materiales. *Birriel Colón v. Econo y otro*, 213 DPR 80, 90 (2023); *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964, 979 (2022). Su propósito es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335, 350 (2023); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 335 (2021). Solo procede su concesión cuando surge que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para resolver la controversia. *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012). Ello, pues, constituye un remedio discrecional extraordinario que únicamente se concederá cuando la evidencia que se presente con la moción establezca con claridad la existencia de un derecho. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911 (1994).

A esos fines, la Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1, permite que una parte presente una solicitud de sentencia sumaria respaldada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. *Oriental Bank v. Perapi et al.*, 192 DPR 7, 25 (2014); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). En esa dirección, "un hecho material es aquel que puede afectar el resultado de la

reclamación de acuerdo con el derecho sustantivo aplicable". *Oriental Bank v. Caballero García, supra*, pág. 679.

A tales efectos, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36. 3, prescribe los requisitos de forma atinentes a esta moción y su respectiva oposición. *Universal Ins. y otro v. ELA y otros*, 211 DPR 455, 472 (2023). Esta disposición reglamentaria fija las formalidades que debe exhibir una petición de tal naturaleza: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. Regla 36.3 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (a).

Por su parte, quien presente oposición a la sentencia sumaria tiene también que cumplir con los requisitos de la Regla 36 de Procedimiento Civil. *Oriental Bank v. Caballero García, supra*, pág. 680. No debe adoptar "una actitud pasiva y descansar en las aseveraciones o negaciones que consigne en su alegación". *Íd*. Al contrario, le compete, como parte de su carga, puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte una sentencia sumaria en su contra. *León Torres v. Rivera Lebrón*, 204 DPR 20, 44 (2020).

Por tanto, el oponente a la vía sumaria enumerará los hechos materiales de buena fe controvertidos y aquellos sobre los que no media controversia. *Oriental Bank v. Caballero García, supra.*, pág. 680. También, indicará los párrafos o las páginas de la prueba documental que

establezcan o impugnen cada hecho. *Íd.* A su vez*,* identificará "los argumentos del derecho aplicable por los cuales no se debe dictar la sentencia*". SLG Fernández-Bernal v. RAD-MAN et al, supra*, pág. 336. Ahora bien, el hecho de que la parte promovida no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica que tal moción procederá automáticamente si efectivamente existe una controversia sustancial sobre hechos materiales. *Acevedo y otros v. Depto. Hacienda y otros, supra,* pág. 351.

Acatados los requisitos procesales discutidos, "el tribunal debe analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos con la moción en oposición, así como los que obren en el expediente del tribunal". *Ramos Pérez v. Univisión,* 178 DPR 200, 210 (2010); *Cruz Marcano v. Sánchez Tarazona,* 172 DPR 526, 550 (2007). En cuanto a los documentos presentados, estos deben analizarse de la forma más favorable para la parte promovida, concediéndole así el beneficio de toda inferencia razonable que se pueda derivar de ellos. *Medina v. M.S. & D. Química P.R., Inc.,* 135 DPR 716, 734 (1994); *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 DPR 714, 721 (1986).

Efectuado este análisis, el foro primario podrá emitir la sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas, según fueran ofrecidas, surge que no existe una controversia real sustancial en cuanto a ningún hecho material, restando entonces resolver la controversia en estricto derecho. *Acevedo y otros v. Depto. Hacienda y otros, supra,* pág. 351. No obstante, no podrá dictar sentencia sumaria cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material; o (4) la moción no procede como cuestión de derecho. *Consejo Tit. v. Rocca Dev. Corp., et als.*, 2025 TSPR 6, 215 DPR

___ (2025); *S.L.G. Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 167 (2011). Tampoco procederá, como norma general, el mecanismo sumario en aquellos casos en los cuales median elementos subjetivos de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial para dilucidar la controversia. *Segarra Rivera v. Int'l Shipping et al., supra,* pág. 980; *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 301 (1994). Ahora bien, amerita su concesión "si el juzgador queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y que una vista en los méritos es innecesaria". *Birriel Colón v. Econo y otro, supra,* pág. 91; *SLG Fernández-Bernal v. RAD-MAN et al., supra,* pág. 337.

En el escenario de denegatoria de la moción de sentencia sumaria, constituye una obligación formular las determinaciones de hechos controvertidos e introvertidos según exige la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. A base de las determinaciones realizadas en virtud de esta regla el tribunal dictará los correspondientes remedios, si alguno.

Este requisito es mandatorio únicamente cuando se deniega total o parcialmente una moción de sentencia sumaria. *Pérez Vargas v. Office Depot,* 203 DPR 687, 704 (2019).

### C. *Estándar de revisión de las sentencias sumarias*

Es normativa reiterada que, los tribunales apelativos nos encontramos en la misma posición que el foro primario al evaluar la procedencia de una sentencia sumaria. *Cruz, López v. Casa Bella y otros,* 213 DPR 980 (2024); *Birriel Colón v. Econo y otro, supra,* pág. 91. En este

contexto debemos efectuar un análisis a tenor con las siguientes consideraciones:

(1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

(2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

(3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos.

(4) y de encontrar que los hechos materiales realmente están incontrovertidos debe revisar *de novo,* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679 (2018).

Conforme a la interpretación jurisprudencial, el foro apelativo solo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 114 (2015). No obstante, no tenemos facultad para adjudicar hechos materiales en disputa, pues esa tarea corresponde al foro primario. *Íd.*, pág. 115. Por consiguiente, estamos limitados a examinar el expediente de *novo* y verificar que las partes cumplieron con las exigencias pautadas en las Reglas de Procedimiento Civil. *Acevedo y otros v. Depto. Hacienda y otros, supra,* pág. 352; *SLG Fernández-Bernal v. RAD-MAN et al.*, *supra*, pág. 338 (citando a *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1025 (2020)).

### D. Contrato de seguro

En nuestro ordenamiento jurídico, "el negocio de los seguros está investido de un gran interés público, esto debido a la importancia, complejidad y efecto en la economía y estabilidad de la sociedad que este representa" *Carrasquillo Pérez et. al. v. CSM*, 2024 TSPR 101, 214 DPR ___ (2024); *Barreto Nieves et al. v. East Coast,* 2024 TSPR 40, 214 DPR ___ (2024). Los seguros cumplen una función social importante porque atenúan los riesgos inherentes respecto a los vínculos comerciales mientras que promueven el crecimiento estable de la economía. *W.M.M.,*

*P.F.M. et al. v. Colegio et al.*, 211 DPR 871, 885-886 (2023); *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1019 (2020). En virtud de este contrato, las personas y los negocios pueden proteger sus bienes y obligaciones transfiriendo el impacto económico de los riesgos o las pérdidas acordadas a cambio del pago de una prima. *Consejo de Titulares v. MAPFRE*, 208 DPR 761, 773 (2022). Véase, también, *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880 (2012).

A esos efectos, el Artículo 1.020 del Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, 26 LPRA sec. 102, según enmendado ("Código de Seguro" o "Ley Núm. 77"), define el contrato de seguro como aquel acuerdo mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo. En cuanto a la interpretación de las pólizas, el Artículo 11.250 de esta legislación establece la siguiente normativa:

> Todo contrato de seguro deberá interpretarse globalmente, a base del conjunto total de sus términos y condiciones, según se expresen en la póliza y según se hayan ampliado, extendido, o modificado por aditamento, endoso o solicitud adherido a la póliza y que forme parte de ésta. 26 LPRA sec. 1125.

De conformidad con lo anterior, como norma general, los tribunales estamos llamados a interpretar los contratos de seguro libremente a favor del asegurado, pues estos constituyen un contrato de adhesión. *Con. Tit. Acquamarina et al. v. Triple-S*, 210 DPR 344, 358 (2022); *Maderas Tratadas v. Sun Alliance et al, supra,* págs. 898-899. Ahora bien, "en ausencia de ambigüedad, el cumplimiento con las cláusulas del contrato es obligatorio y su contenido es la ley entre las partes". *San Luis Center Apts. et al. v. Triple S*, 208 DPR 824, 832-833 (2022); *Rivera Matos et al. v. Triple-S et al.*, supra, pág. 1019.

En lo pertinente a las cláusulas de exclusión, el Tribunal Supremo de Puerto Rico ha establecido la siguiente normativa:

> Las cláusulas de exclusión limitan la cubierta de una póliza de seguro al exceptuar determinados eventos, riesgos o peligros. *Viruet et al. v. SLG Casiano-Reyes*, 194 DPR 271, 279 (2015); *Echandi Otero v. Stewart* Title, *supra*, pág. 370. Como norma general, estas

cláusulas son desfavorecidas, por lo que han de interpretarse restrictivamente en contra del asegurador. Sin embargo, "si los términos de la cláusula de exclusión son claros y aplican a una situación determinada, no podrá responsabilizarse a la aseguradora por aquellos riesgos expresamente exceptuados". *Serrano Picón v. Multinational*, 212 DPR 981, 991 (2023); *Viruet et al. v. SLG Casiano-Reyes*, 194 DPR 271, 279 (2015).

Nótese que si las cláusulas de exclusión son claras y aplican a determinada situación, el ente asegurador no tendrá que responder por aquellos riesgos expresamente excluidos. *Barreto Nieves et al. v. East Coast, supra.*

**III.**

En el recurso de epígrafe, Universal Insurance nos invita a revocar la *Resolución* denegatoria de la moción de sentencia sumaria. Argumenta que el foro primario incidió al no formular determinaciones de hechos esenciales controvertidos e incontrovertidos según exige la Regla 36.4 de Procedimiento Civil, *supra*. En esa línea, indica que la parte recurrida no sometió su oposición conforme a las normas procesales, a pesar de que solicitó prórroga a esos fines. En los méritos de su contención, sostiene que procedía la desestimación del pleito instado en su contra. Razona que no existe controversia que impida acoger la vía sumaria, pues los daños alegados no se encuentran contemplados en la póliza adquirida por el señor Batista Schmidt.

Por su parte, los Recurridos aducen que no existen las circunstancias jurídicas que ameriten la expedición del *certiorari*. Asimismo, aseveran que en la etapa en que se encuentra el caso no es propicio resolver por la vía sumaria. En referencia a su escrito de oposición, plantean que en este momento no existe la totalidad de la información sobre las pólizas adquiridas por la parte codemandada. Por ello, explican que procede decretar la continuidad del descubrimiento de prueba como resolvió el TPI.

Evaluado sosegadamente el recurso presente, determinamos que ostentamos la facultad para expedir el auto de *certiorari* solicitado. Nos encontramos ante la denegatoria de una moción dispositiva de naturaleza

sumaria e interlocutoria, lo cual permite nuestra intervención revisora de acuerdo con la Regla 52.1 de Procedimiento Civil, *supra*. A su vez, el problema legal suscitado activa nuestra facultad revisora en una etapa propicia que amerita nuestra consideración de conformidad con la Regla 40 del Tribunal de Apelaciones, *supra*. **Veamos.**

Establecido lo anterior, tenemos la oportunidad de revisar el dictamen impugnado que declaró *No Ha Lugar* la solicitud de sentencia sumaria presentada por Universal Insurance. A esos fines, estamos en igual posición que el Tribunal de Primera Instancia para examinar *de novo* el expediente y aplicar los criterios aplicables a la moción de sentencia sumaria. En virtud de ello, emprendimos nuestro análisis judicial y concluimos que el foro primario erró al no atender correctamente la solicitud de sentencia sumaria presentada por la parte peticionaria.

Efectuamos una evaluación detenida de la *Solicitud de Sentencia Sumaria Parcial Presentada por Universal* a tenor con la Regla 36.3 de Procedimiento Civil, *supra*. El examen procesal nos confirma que la petición en cuestión cumple cabalmente con las formalidades exigidas. La aseguradora peticionaria identifica en su solicitud con precisión los siguientes componentes: (1) una exposición breve de las alegaciones de las partes[15]; (2) el asunto en controversia[16]; (3) las causas de acción sobre la cual solicita la aplicación de la vía sumaria[17]; (4) una relación concisa y organizada de hechos incontrovertidos y enumerados con la identificación correspondiente de la prueba sometida[18]; y (5) las razones jurídicas por las cuales debe proveerse su solicitud[19], más (6) el remedio que debe ser concedido.[20] El íntegro cumplimiento de estas formalidades y el amplio material probatorio sometido nos persuaden a atender en sus méritos la solicitud de sentencia sumaria.

---

[15] Apéndice de la parte peticionaria, págs. 4-7.
[16] Apéndice de la parte peticionaria, pág. 7.
[17] Apéndice de la parte peticionaria, pág. 7.
[18] Apéndice de la parte peticionaria, págs. 8-11.
[19] Apéndice de la parte peticionaria, págs. 14-17.
[20] Apéndice de la parte peticionaria, pág. 17.

No obstante, el examen procesal devela un resultado distinto en cuanto a la *Moción en Oposición a Solicitud de Sentencia Sumaria Parcial* de los Recurridos.[21] Una lectura cuidadosa de este escrito nos permite concluir que este no exhibe los criterios contenidos en la precitada disposición reglamentaria. Tan solo surgen del aducido documento unas brevísimas alegaciones sustentadas —de modo escueto— por un *Informe de Accidente del Reclamante* sobre la póliza 518-0691417. Ante la inobservancia de las exigencias procesales, no podemos acoger esta moción como oposición. En efecto, disponemos que la *Solicitud de Sentencia Sumaria Parcial Presentada por Universal* quedó debidamente sometida. Por tanto, amerita nuestra consideración.

Evaluadas las formalidades de los documentos aludidos, nos compete responder si procede la desestimación parcial de la demanda instada contra Universal Insurance por la vía sumaria. Examinada la totalidad de la prueba obrante en el expediente judicial, concluimos que no existe controversia sustancial de hechos esenciales que impida la disposición sumaria del caso presente. Por consiguiente, formulamos las siguientes determinaciones de hechos esenciales incontrovertidos:

**1- El 3 de noviembre 2023, el señor Cortés Soto y el señor Cortés González ("demandantes-recurridos"), padre e hijo, instaron una *Demanda* en daños y perjuicios contra el señor Batista Schmidt, Aceite Xpress y Universal Insurance, entre otros. En su reclamo, indicaron que el vehículo de motor marca Nissan Rogue (2023) está inscrito a nombre del señor Cortés Soto y es utilizado por su hijo.[22]**

**2- Los demandantes-recurridos alegaron que el 28 de agosto de 2023 acudieron a Aceite Express para solicitar el cambio de aceite y filtro de su vehículo de motor. No obstante, adujeron que el personal de dicho establecimiento le informó al señor Cortés González que el área del drenaje del automóvil presentó un problema cuando se extrajo un tornillo.[23]**

**3- En lo pertinente a su reclamación, estos aseveraron que el personal de Aceite Express les informó que colocó un tornillo blando en el área del drenaje, pero no se pudo reparar el daño ocasionado.[24]**

---

[21] Nos corresponde destacar que, el 14 de febrero de 2024, el TPI concedió un término adicional de quince (15) días para que los Recurridos presentaran su oposición, según consta en la *Resolución* notificada el 16 de febrero de 2024. A pesar de lo anterior, estos no sometieron su escrito a esos fines.

[22] Apéndice de la parte peticionaria, pág. 1.

[23] Apéndice de la parte peticionaria, pág. 2.

[24] Apéndice de la parte peticionaria, pág. 2.

**4- Ante tales circunstancias, relataron que el vehículo de motor se trasladó a Triangle Nissan de Mayagüez en donde fue reparado.[25]**

**5- Por tales hechos, los demandantes-recurridos arguyeron que experimentaron daños por angustias mentales y pérdida de ingresos. [26]**

**6- Surge del expediente ante nuestra consideración que, Universal Insurance emitió la póliza 09-515-000690863-1 ("póliza" o "contrato de seguro") a favor de Owen Batista Schmidt, quien opera el negocio Aceite Express.[27]**

**7- La vigencia de esta póliza corresponde al término de 14 de agosto de 2023 al 14 de agosto de 2024.[28]**

**8- Este contrato de seguro presenta la siguiente clasificación de forma: CG 00 01 04 13 *Commercial General Liability Coverage Form*.[29]**

**9- Mediante esta clasificación, la póliza provee una cobertura limitada a aquellas reclamaciones sobre daños a la propiedad (*property damage*) o lesiones corporales (*bodily injury*), según se detalla a continuación:**

*SECTION I-COVERAGES*

*COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*1. Insuring Agreement*
*a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

*(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and*

*(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverage A and B.*

*b. This insurance applies to "bodily injury" and "property damage" only if:*

*(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

*(2) The "bodily injury" or "property damage" occur during the policy period; and*

---

[25] Apéndice de la parte peticionaria, pág. 2.
[26] Apéndice de la parte peticionaria, págs. 2-3.
[27] Apéndice de la parte peticionaria, págs. 19-23.
[28] Apéndice de la parte peticionaria, págs. 19-23.
[29] Apéndice de la parte peticionaria, págs. 19 y 22.

*(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

*c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.*

*d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:*

*(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;*

*(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or*

*(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.*

*e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".*[30]

**10- Esta póliza incluye una cláusula de exclusiones de ciertas reclamaciones sobre lesiones físicas (*bodily injury*) y daños a la propiedad (*property damage liability*) como se esboza a continuación:**

*2. Exclusions*
*This insurance does not apply to:*

.    .    .    .    .    .    .    .

*k. Damage to Your Product*
*"Property Damage" to "your product" arising out of it or any part of it.*

*L. Damage to Your Work*
*"Property Damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".*

*m. Damage to Impaired Property of Property Not Physically Injured*

*"Property Damage" to "impaired property" or property that has not been physically injured, arising out of:*

*(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or*

---

[30] Apéndice de la parte peticionaria, pág. 32.

*(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms. This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.[31]*

**11- La póliza provee las siguientes definiciones pertinentes a los argumentos levantados por Universal Insurance:**

*3. "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death, resulting from any of these at any time.[32]*

.        .        .        .        .        .        .        .

*8. "Impaired Property" means tangible property, other than "you product" or "your work", that cannot be used or is less useful because:*

*a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or*

*b. You have failed to fulfill the terms of a contract or agreement;*

*If such property ca be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of your contract.[33]*

.        .        .        .        .        .        .        .

*13. "Ocurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful condition.[34]*

.        .        .        .        .        .        .        .

*17. "Property damage" means:*
*a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss shall be deemed to occur at the time of the physical injury that caused it; or*

*b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.[35]*

.        .        .        .        .        .        .        .

*21. "Your product":*

*a. Means:*
*(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:*
*(a) You;*
*(b) Other trading under your name; or*
*(c) A person or organization whose business or assets you have acquired; and (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.[36]*

*B. Includes:*
*(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product", and*

---

[31] Apéndice de la parte peticionaria, págs. 33 y 36.
[32] Apéndice de la parte peticionaria, pág. 45.
[33] Apéndice de la parte peticionaria, pág. 45.
[34] Apéndice de la parte peticionaria, pág. 47.
[35] Apéndice de la parte peticionaria, pág. 47.
[36] Apéndice de la parte peticionaria, pág. 48.

*(2) The providing of or failure to provide warnings or instructions.*

*c. Does not include vending machines or other property rented to or located for the use of others but not sold.*

.      .      .      .      .      .      .      .

*22. "Your work":*
*Means:*
*(1) Work or operations performed by you or on your behalf; and*

*(2) Materials, parts or equipment furnished in connection with such work or operations.*

*b. Includes:*
*(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and*

*(2) The providing of or failure to provide warnings or instructions.*[37]

A la luz de estas determinaciones de hechos, nos corresponde aplicar el derecho para disponer sumariamente del caso. Surge del contrato de seguro que, Universal Insurance tiene que proveer su servicio al asegurado solo en aquellas circunstancias contempladas en la póliza. De lo contrario, su deber como entidad aseguradora no se activa. A esos efectos, debemos evaluar la cláusula de exclusión de la póliza para identificar si los daños alegados por los Recurridos se encuentran excluidos del contrato de seguro.

En este ejercicio adjudicativo, somos conscientes de que, como norma general, las cláusulas de exclusión contenidas deben interpretarse restrictivamente contra la aseguradora. Sin embargo, en el presente recurso, los términos de la cláusula de exclusión son claros y están limitados a unas situaciones determinadas, que no son las recogidas en las alegaciones de la demanda. Por tanto, precisamos que quedan excluidos de la cobertura aquellos daños a la propiedad originados por riesgos operacionales en el ámbito del trabajo del señor Batista Schmidt. Tampoco gozan de la protección aquellos eventos derivados del incumplimiento contractual por parte del asegurado o por aquella persona que actúe a nombre de este. A su vez, concluimos que los daños alegados

---

[37] Apéndice de la parte peticionaria, pág. 48.

por la parte recurrida no responden a una ocurrencia o accidente (*ocurrence*) según delimitado en esta póliza.

Ante la ausencia de hechos esenciales en controversia sobre este particular, no existe impedimento legal que prive a este Tribunal de Apelaciones a resolver por la vía sumaria. En vista de lo anterior, desestimamos parcialmente la demanda instada contra Universal Insurance, pues el contrato de seguro no brinda cobertura a los daños alegados por la parte recurrida.

## IV.

Por los fundamentos que anteceden, *expedimos* el auto de *certiorari*, y *revocamos* el dictamen impugnado a los fines de desestimar parcialmente la acción legal instada contra Universal Insurance.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones